UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL FERGUSON,<br><br>        Plaintiff,<br><br>   v.<br><br>S. SHERMAN, et al.,<br><br>        Defendants. | No.  1:21-cv-00116-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(ECF NO. 1)<br><br>TWENTY-ONE DAY DEADLINE<br><br>ORDER FOR CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Plaintiff Rafael Ferguson ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 28, 2021. (ECF No. 1). The Complaint brings claims concerning Plaintiff's access to family visits. The Court finds that the Complaint fails to state any cognizable claims. For the reasons that follow, the Court recommends that this case be dismissed.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff's complaint alleges as follows:

The defendants in this action are S. Sherman, Warden and California Substance Abuse Treatment Facility ("SATF"); E. Guzman, CCII(A) at SATF; C. Delacruz, CCI at SATF; J. Moreno, Captain (A) at SATF; J. Vernon, Warden, Appeal Examiner at Sacramento; and Kathleen Allison, Secretary of CDCR.

**Claim 1: Due Process and Freedom of Association**

Plaintiff's application for participating in overnight family visits was denied on June 18, 2019. It was denied by "[t]he above mentioned defendants[.]" Defendants Delacruz and Moreno denied Plaintiff's application for family visits. Defendants Guzman, Sherman, and Vernon denied

1  Plaintiff's grievance. Defendant Allison "is the secretary of CDCR, which allowed [Plaintiff] to
2  be disapproved for family visit out of reason that the victim was a 17 (seventeen) year old minor."
3     At the time of Plaintiff's arrest, he was twenty-one years old. Plaintiff was convicted
4  because he "(allegedly) was responsible for the murder of a 17 year old known gang member."
5  According to court testimony, the victim was targeted for that reason. Plaintiff's crime was not
6  sexual, nor was the victim vulnerable as a minor. Plaintiff is not recognized as a predator or sex
7  offender by the CDCR or any other law enforcement agency. There was no evidence at trial that
8  Plaintiff knew the victim's age, the victim's age was irrelevant to Plaintiff's case, and it was not
9  obvious from the victim's description that he was a minor.
10     When Plaintiff filed for family visiting program, Defendant Delacruz verified the victim's
11  age. Defendants argue that knowing the age of the victim at the time of the offense is not a
12  consideration. Therefore, Defendants require Plaintiff to sustain a 10-year, disciplinary-free
13  period in order to be considered for family visits.
14     CDCR regulation 15 C.C.R. § 3177(b)(1)(C) states "The classification committee shall
15  consider the circumstances of the offense involving a minor or family victim in determining
16  whether the inmate poses a threat of harm to visitors during a family visit. In making its
17  determination, the classification committee shall consider, but is not limited to, arrest reports,
18  probation officer reports, court transcripts, parole revocation transcripts." This regulation
19  contradicts Defendants and demonstrates their bias, abuse, and retaliatory discretion. Defendants
20  did not consider other evidence that may prove that Plaintiff is family oriented and is not a threat
21  to his own family or to the institution. Plaintiff has evidence to prove that.
22     Plaintiff has been incarcerated for 18 years. He incurred a rules violation report two years
23  ago. He will not be eligible for family visits until 2028. Overnight family visits are already
24  restricted to immediate family members, defined as Plaintiff's natural and adoptive children.
25  Because Plaintiff has been incarcerated for 18 years, any such children are adults.
26     Plaintiff has lost relationships and family and community ties as a result of the CDCR
27  prohibiting him from family visits.
28     Defendants denied Plaintiff due process because he did not have a meaningful and

3

impartial review. Defendants did not consider favorable evidence demonstrating his positive behavior and rehabilitative efforts. Defendants did not weigh the triviality of the 115s Plaintiff has incurred in the last ten years.

**Claim 2: Equal Protection**

Plaintiff has not been treated the same as similarly situated inmates convicted of murder or other serious crimes. Other inmates are not required to go ten years without discipline before being considered for family visits. Other inmates convicted of murder or other serious crimes automatically qualify. In fact, they may have an extensive prison record and still get family visits, if they have been free of disciplinary issues for one or two years. Plaintiff is deprived of family visits and the corresponding support. This rule is not tailored to fulfill any institutional interest, needs, or safety. Being discipline-free for ten years is unrealistic for Plaintiff.

**III.    SECTION 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state

law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own

culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

## IV. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Due Process and First Amendment Claims

To the extent Plaintiff seeks contact visits, "it is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits." *Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002); *accord Dunn v. Castro*, 621 F.3d 1196, 1202 (9th Cir. 2010) (same, quoting *Gerber*); *Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994) ("Barnett contends that the district court erred by dismissing his claim that he had a right to contact visitation privileges. We disagree. In *Toussaint v. McCarthy,* this court held that prisoners had no constitutional right to such privileges. 801 F.2d 1080, 1113–14 (9th Cir.1986). Therefore, the district court properly dismissed this claim." (citation shortened));  *Shallowhorn v. Molina*, 572 F. App'x 545, 548 (9th Cir. 2014) (unpublished) (prisoner who was prohibited from certain contact visits because convicted of an offense listed in 15 C.C.R. § 3173.1(d) did not state "Substantive Due Process and First Amendment claims based on the continued restriction on contact visitation with minors because inmates possess no constitutional right to contact visitation" (citing *Block v. Rutherford*, 468 U.S. 576, 589 (1984))).

Because Plaintiff seeks a contact visit, Plaintiff's Due Process and First Amendment claims fail.

To the extent Plaintiff alleges that Defendants violated 15 C.C.R. § 3177, Plaintiff fails to state a claim "because the cited regulations do not create a private right of action." *Nible v. Fink*, 828 F. App'x 463, 464 (9th Cir. 2020).

### B. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439 (1985); *Hartmann v. California Dep't of Corr. & Rehab.,* 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*,

705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class, *Hartmann*, 707 F.3d at 1123 *Furnace*, 705 F.3d at 1030, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agr.*, 553 U.S. 591, 601-02 (2008), *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008), *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff does not otherwise allege he is being discriminated on account of his membership in a protected class, such as due to his race, *see Washington v. Davis*, 426 U.S. 229, 239 (1976) ("The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race."). Rather, Plaintiff alleges he is being treated worse than other inmates convicted of murder.

In *Webber v. Crabtree*, 158 F.3d 460 (9th Cir. 1998), a group of inmates alleged a regulation that prohibited them, but not other prisoners, from smoking violated their equal protection rights. The Court held that it did not because being an inmate is not a protected class and the regulations were rationally related to a legitimate state interest:

> The inmates, however, are not members of a suspect class. The inmates have also failed to show that smoking is a fundamental right. Thus, to meet the requirements of the Equal Protection Clause, the prison officials must show only that the ban bears a rational relation to a legitimate governmental objective.
>
> The prison officials correctly assert that the Bureau of Prisons has a legitimate objective of protecting the health and safety of inmates and staff by providing a clean air environment. The district court, therefore, did not err by finding that the smoking ban is rationally related to this legitimate governmental objective.

*Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998) (citations omitted).

///

Likewise, here, Plaintiff is a felon convicted of one of certain types of violent offenses, and thus not in a suspect class under the Equal Protection clause. The regulation at issue is rationally related to a legitimate state interest in safety that it looks to an inmate's past violent conduct in determining the safety of family visits. As the Supreme Court has noted, "[t]hat there is a valid, rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant extended discussion." *Block v. Rutherford*, 468 U.S. 576, 586 (1984). *See also Shallowhorn*, 572 F. App'x at 547 (affirming district court's dismissal of inmate's Equal Protection Clause claim because "'inmates convicted of violating PC Section(s) 187, 269, 273a, 273ab, or 273d [murder, rape, or child abuse] when the victim is a minor,' 15 CCR § 3173.1(d), does not constitute a protected class, and California had a rational basis for promulgating the regulation at issue" (brackets in original)).

Therefore, the regulation, as applied to the Plaintiff, does not violate the Equal Protection Clause.

## V. RECOMMENDATIONS AND ORDER

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claim. The Court recommends not allowing leave to amend because any amendment would be futile. Plaintiff's claims fail for legal reasons discussed above and additional factual explanation would not change those reasons. Therefore, the Court does not recommend granting leave to amend.

Based on the foregoing, the Court RECOMMENDS that

    1.    This action be dismissed with prejudice; and

    2.    The Clerk of Court be directed to close this case.

In addition, IT IS HEREBY ORDERED that the clerk of court is respectfully directed to assign a district judge to this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 1, 2021**                           /s/ Erica P. Grosjean
                                                   UNITED STATES MAGISTRATE JUDGE